IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MEMBERSELECT INSURANCE COMPANY,** a/s/o **CHRIS AND RENATA LOIOTILE,** | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 13 cv 4097 ) ) District Judge Marvin E. Aspen |
| **ELECTROLUX HOME PRODUCTS, INC.,** a Delaware corporation, **SEARS HOLDING CORPORATION,** a Delaware corporation, | ) Magistrate Judge Sidney I. Schenkier ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Before the court are Plaintiff's objections to Magistrate Judge Sidney I. Schenkier's September 3, 2015 Report and Recommendation ("Report") concerning Plaintiff's motion seeking default judgment and other relief against Defendant, Sears Holding Corporation ("Sears"), for various discovery violations. For the reasons stated below, we accept the Magistrate Judge's Report.

## BACKGROUND

Plaintiff, MemberSelect Insurance Company ("MemberSelect") (as subrogee of its insureds, Chris and Renata Loiotile ("Loiotiles")) is seeking to recover $524,689.34 that MemberSelect paid the Loiotiles for losses resulting from a fire on March 24, 2010. Plaintiff alleges that the fire originated in a dryer manufactured by Electrolux, and sold and serviced by

1

Sears. Plaintiff asserts both strict liability and negligence claims against Electrolux and Sears and an additional breach of warranty claim against Sears.

On June 11, 2015, Plaintiff filed a motion for sanctions against Defendant Sears for failure to provide discovery and other discovery abuses (doc. # 123: Pl. Sanctions Mot.). Plaintiff's motion is seeking a default judgment against Sears based on Sears's failure to produce certain information until May 21, 2015, after discovery was closed, when Sears filed a motion for summary judgment and a motion for leave to file a cross-complaint against its co-defendant, Electrolux (doc. # 112: Def. Mot. for Leave to File Cross-Complt.). In support of its summary judgment motion, Sears filed an affidavit from Chang Hyun Lee, Laundry Engineer Manager for Product Development for Sears (doc. # 113-1: Lee Aff.), an individual who was not disclosed in Sears's Rule 26(a)(1) disclosures or in response to discovery requests by MemberSelect. Additionally, in support of its motion for leave to file a cross-claim, Sears included two contracts with Electrolux, a Universal Terms and Conditions Agreement ("UTC") and a Vender Supply Agreement ("Supply Agreement"), that had not been previously produced during discovery (Mot. for Leave to File, Exs. A, B).

Pursuant to 28 U.S.C. § 636(b)(1), we referred Plaintiff's motion for sanctions to Magistrate Judge Sidney I. Schenkier (doc #133: Referring case to Magistrate Judge). On July 31, 2015, Judge Schenkier heard oral argument on the motion for sanctions and on September 3, 2015 issued a Report and Recommendation. In his report, Judge Schenkier concludes that the imposition of a default judgment against Sears is not warranted and recommends lesser sanctions. Specifically, Judge Schenkier recommends that; (1) Sears's pending motion for summary judgement (doc. # 110) should be stricken without prejudice, and with leave to refile at a later date; (2) MemberSelect should be permitted to take the deposition

of Mr. Lee; to further depose two technicians and Sears's rule 30(b)(6) witness limited to questions based on the relevant two contracts not initially disclosed; (3) MemberSelect should be allowed to depose an additional Rule 30(b)(6) witness about Sears's enforcement of its contractual rights under those agreements with regards to the manufacture, testing, production, servicing and installation of the Kenmore dryers; and (4) Sears should be required to pay MemberSelect its reasonable attorneys' fees and costs incurred with respect to briefing on the summary judgment motion and to pursue the sanctions motion (doc. #143: R&R). We accept all of Judge Schenkier's recommendations and will address each recommendation in turn.

**LEGAL STANDARD**

Upon the submission of a report and recommendation on a motion for discovery sanctions, a district judge shall make a *de novo* determination upon the record and may accept, reject or modify the recommended decision. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *O'Toole v. Sears, Roebuck and Co.*, 302 F.R.D. 490 (N.D. Ill. March 6, 2014); *Adkins v. Mid-American Growers, Inc*., 143 F.R.D. 171, 173 (N.D. Ill. Aug. 31, 1992). Under a *de novo* standard, we must give "fresh consideration to those issues to which specific objections have been made." *Rajaratnam v. Moyer*, 47 F.3d 922, 925 n.8 (7th Cir. 1995) (citations omitted).

**DISCUSSION**

In his September 3, 2015 Report, Judge Schenkier recommends that we deny Plaintiff's request for default judgment. In place of a default judgment, Judge Schenkier recommends a series of lesser sanctions. Plaintiff objects to this recommendation, arguing that Sears's conduct

merits a default judgment. For the reasons stated below, we approve Judge Schenkier's Report and enter orders according to his recommendations.

### i. Motion Seeking Default Judgment

Rule 37 permits the court to issue sanctions when a party fails to comply with a court order compelling discovery. Fed. R. Civ. P. 37. Rule 37(b) lists specific sanctions available to the district court, including rendering a default judgment, prohibiting the disobedient party from asserting certain defenses, and issuing adverse inferences. Fed. R. Civ. P. 37(b). The same sanctions are available when a party fails to make a required initial disclosure for a supplementation under Rule 26(e). Fed. R. Civ. P. 37(c)(1). Additionally, pursuant to its inherent powers, the court may impose any other sanctions required "to rectify abuses to the judicial process." *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, 111 S. Ct. 2123, 2135 (1991)).

In its motion, Plaintiff seeks a default judgment against Sears for its failure to disclose a witness and to produce relevant contracts in a timely manner. Of all possible sanctions, dismissal is considered "draconian," and is appropriate only where the noncompliance is due to willfulness, bad faith, fault or gross negligence rather than inability to comply or mere oversight. *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 223–24 (7th Cir. 1992). A court should rely on a default judgment as a sanction only in the case of a "clear record of delay or contumacious conduct." *Powers v. Chi. Transit Auth.*, 890 F.2d 1355, 1362 (7th Cir. 1989). Because of its severity, "absent [these] circumstances, the careful exercise of judicial discretion requires that a district court consider less severe sanctions and explain, where not obvious, their inadequacy for

promoting the interests of justice." *Schilling v. Walworth Cty. Park & Planning Comm'n*, 805 F.2d 272, 278 (7th Cir. 1986); *see also Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000).

Here, Sears's conduct, although unacceptable, does not warrant a sanction that forfeits its right to judgment on the merits. Additionally, any prejudice to Plaintiff as a result of Sears's actions can be remediated through lesser sanctions, as proposed by Judge Schenkier.

    ii.    <u>Sanctions against Defendant Sears</u>

As a result of Sears's discovery violations, Judge Schenkier recommends that we impose five sanctions against Sears.

> *i. Sears's pending motion for summary judgment shall be stricken without prejudice, with leave to refile at a later date.*

Defendant Sears failed to identify Mr. Lee or disclose two Electrolux contracts as required under 26(a), yet relied on Mr. Lee's affidavit and the two contracts in support of its motion for summary judgment. Judge Schenkier recommends, and we agree, that Sears's pending summary judgment motion should be stricken with leave to refile.

Generally, under Rule 37, "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (quoting *Mid-American Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1352, 1363 (7th Cir. 1999). In this Circuit, we have identified a number of factors that should guide a court's discretion when considering the impact of a Rule 26(a) violation. *Id.* These factors include: (1) the prejudice or surprise to the party against whom the evidence is

5

offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved. *Id.*

Sears clearly violated Rule 37 when it submitted previously undisclosed testimony in support of its summary judgment motion. In light of the Seventh Circuit's factor analysis, we find that the appropriate sanction for Sears's discovery violation is to strike Sears's motion for summary judgment with leave to refile. We find factors one and two particularly relevant to our analysis. First, Plaintiff has undoubtedly been prejudiced due to Sears's failure to disclose Mr. Lee and the two Electrolux contracts; Plaintiff was unable to fully respond to Sears's summary judgment motion. This prejudice, however, can be cured by striking the summary judgment motion, as recommended by Judge Schenkier. Striking the motion without prejudice will allow Plaintiff ample time to depose Mr. Lee, analyze the two undisclosed contacts and further question relevant defense witnesses, while also granting Sears the opportunity to a trial on the merits.

> *ii. Plaintiff shall be permitted to depose Mr. Lee, further depose Messrs. Netzer, Sharzyknski and Francowski for additional questioning limited to the relevant UTC and Supply Agreement terms and Sears shall present an additional Rule 30(b)(6) witness about Sears's enforcement of its contractual rights under the UTC and Supply Agreement terms.*

Additionally, as a result of Sears's discovery violations, MemberSelect was not provided the opportunity to depose Mr. Lee or question disclosed witnesses about Mr. Lee's testimony and the two undisclosed Electrolux contracts. Again, relying on the Seventh Circuit's factor analysis, we find that this prejudice is not irremediable and can be cured by requiring Sears to present Mr. Lee for depositions and requiring Sears to produce witnesses for further questioning limited to Mr. Lee's testimony and the two contracts. MemberSelect should be allowed to depose an

additional 30(b)(6) witness about Sears's enforcement of its contractual rights under the two Electrolux agreements, as well.

>    iii. *Defendant Sears shall be required to pay MemberSelect's reasonable attorneys' fees and costs incurred in responding to the motion for summary judgment and its motion for sanctions.*

Lastly, as a result of Sears's discovery violations, Plaintiff was forced to expend attorneys' fees and costs in responding to the stricken motion for summary judgment and in pursuing the motion for sanctions. This financial prejudice can be addressed by requiring Sears to reimburse MemberSelect for the reasonable attorneys' fees incurred in responding to Defendant's motion and in filing its motion for sanctions.

## CONCLUSION

For the reasons set forth above, Plaintiff's objections to Judge Schenkier's Report are overruled and we adopt the recommendations in the Report.

Sears's motion for summary judgment is stricken without prejudice, with leave to refile. Sears is ordered to produce Mr. Lee for deposition and Messrs. Netzer, Sharzyknski and Francowski for additional questioning limited to the relevant UTC and Supply Agreement terms on or before November 20, 2015. Sears is also ordered to present an additional Rule 30(b)(6) witness concerning Sears's enforcement of its contractual rights under the UTC and Supply Agreement terms on or before November 20, 2015. Lastly, Sears is ordered to pay attorneys' fees and costs to Plaintiff incurred with respect to the briefing on the summary judgment motion and to pursuing the motion for sanctions. Plaintiff and Defendant Sears shall meet and confer pursuant to N.D. Ill. L.R. 54.3(d) to determine appropriate attorneys' fees and file a fee motion

pursuant to Fed. R. C. P. 54(d)(2) and N.D. Ill. L.R. 54.3 by December 15, 2015.  It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: Chicago, Illinois
October 15, 2015