IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MEMBERSELECT INSURANCE COMPANY,** a/s/o **CHRIS AND RENATA LOIOTILE,** | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 13 cv 4097 ) ) District Judge Marvin E. Aspen |
| **ELECTROLUX HOME PRODUCTS, INC.,** a Delaware corporation, **SEARS HOLDING CORPORATION,** a Delaware corporation, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Defendant Sears Holding Company ("Sears") filed this motion for leave to file its cross-complaint against co-defendant Electrolux Home Products, Inc. ("Electrolux"). For the reasons stated below, Sears' motion for leave to file its cross-complaint is granted.

## BACKGROUND

Plaintiff MemberSelect filed this suit against co-defendants Sears and Electrolux seeking $524,689.34 for loses resulting from a fire on March 24, 2010 that allegedly originated in a dryer manufactured by Electrolux, and sold and serviced by Sears. Plaintiff asserts both strict liability and negligence claims against Electrolux and Sears and an additional breach of warranty claim against Sears.

Sears alleges that according to its Universal Terms and Conditions ("UTC") agreement with Electrolux, Electrolux is required to defend and indemnify Sears for the damage caused by

1

the Electrolux dryer. (Dkt. No. 112.) On April 14, 2010, Sears, through its claims administrator, tendered its defense and made a demand for indemnification to Electrolux. (Dkt. No. 112-2.) On June 7, 2010, Electrolux acknowledged receipt of Sears' tender and informed Sears that it was "investigating the claim for a possible reservation of rights based on late notice and possible cause relative to service by Sears." (Dkt. No. 112-3.) Sears sent additional tender letters on June 26, 2013, July 3, 2013 and July 15, 2013. (Dkt. No. 112-2.) On June 9, 2013, Electrolux acknowledged receipt of Sears' tender letter and informed Sears that Electrolux would defend and indemnify Sears for product specific allegations but would not defend and indemnify Sears for liability based on services or installation. (Dkt. No. 112-4.) Sears followed up twice with Electrolux to clarify Electrolux's position concerning Sears' tender. (Dkt. No. 112-5.) On March 7, 2015, Electrolux informed Sears that it was its position that Electrolux has "no responsibility to defend Sears or to pay Sears' counsel for any allegations related to Sears' or Sears' subcontractors installation of the equipment in this matter. . . . To the degree that Sears is included in allegations of the design, manufacture or sale of the dryer itself, Electrolux . . . will defend and hold Sears harmless." (Dkt. No. 112-6.) Sears alleges that based on the March 7 letter, Electrolux initially accepted Sears' tender under a reservation of rights. (Dkt. No. 112.)

Despite Electrolux's initial acceptance of tender, Sears asserts that the parties continued to dispute Electrolux's responsibility to indemnify Sears throughout mediation proceedings in early March 2015. (Dkt. No. 125.) Sears alleges that as late as May 21, 2015, Sears and Electrolux discussed "settling all claims including Sears' anticipated breach of contract action." (*Id*.) Those settlement discussions failed and Sears now brings this motion alleging that Electrolux has not paid for Sears' defense costs since February 27, 2014 and has failed to provide Sears a defense, in breach of the UTC. (*Id*.) At the time this motion was filed, over a

2

year and seven months have passed since Sears filed its answer to Plaintiff's amended complaint and discovery has been closed for six months.

## LEGAL STANDARD

Defendant Sears brings its motion under Federal Rule of Civil Procedure 15(a)[1]. Rule 15(a) provides, in operative part, that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(A)–(B). Rule 15 further instructs that in all other cases the party must obtain consent either from the adverse party or from the court, which should be freely given when justice requires. Fed. R. Civ. P. 15(a)(2). In making this assessment, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008); *Panjwani v. Holder*, No. 10 C 4961, 2011 WL 2470445, at *2 (N.D. Ill. June 20, 2011) (Aspen, J.); *Lanigan v. LaSalle Nat. Bank*, 108 F.R.D. 660, 662 (N.D. Ill. Nov. 14, 1985) (Aspen, J.). A party seeking an amendment carries the burden of proof in showing that no prejudice will result to the non-moving party. *Panjwani*, 2011 WL 2470445, at *2 (citing *King v. Cooke*, 26 F.3d 720, 725 (7th Cir. 1994)). It should be noted initially that virtually every amendment to a complaint results in some degree of prejudice to the defendant in that the potential for additional discovery arises as well as the possibility of a delay of the trial date. Thus, courts have held that a motion for leave to amend will be denied

---

[1] The parties agree that Sears' motion falls under Rule 15(b), not Rule 16(b)'s heightened "good cause" standard. We concur. Here, even though Sears' motion to amend was filed after the close of discovery, Rule 16 is not applicable because we did not limit time to amend in the scheduling order. *In Re Ameritech Corp.*, 188 F.R.D. 280, 287 (N.D. Ill July 14, 1999) (holding that Rule 16 is not applicable because the record does not reflect that the court entered a scheduling order limiting the time in which a party could amend its pleadings, nor a limit on the time permitted to join other parties).

only where such amendment would cause "undue prejudice" to the defendant. *Tragarz v. Keene Corp.*, 980 F.2d 411, 431 (7th Cir.1992) ("Therefore, a motion for leave to amend will not be denied on the basis of undue delay unless the delay in presenting the amendment results in undue prejudice."); *In re Ameritech Corp.,* 188 F.R.D. at 283 (holding that when determining whether to grant leave to amend, prejudice to the opposing party is the most important concern); *Hess v. Gray*, 85 F.R.D. 15, 20 (N.D. Ill. Nov. 14, 1979) (Aspen, J.)). Undue prejudice has been found, for example, in cases where the amendment "brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint" and where the amendment would require expensive and time-consuming additional discovery. *Lanigan*, 108 F.R.D. at 662.

## DISCUSSION

Given these standards, we must now examine whether the allowance of Sears' motion will impose undue prejudice on Electrolux. Electrolux contends that we should deny Sears' motion due to both undue delay and undue prejudice. As addressed above, we find that an amendment will only be denied when it causes undue prejudice to a party; undue delay alone is not grounds for a denial. *See also King*, 26 F.3d at 723 ("[D]elay alone will not generally justify denying a motion to amend a pleading absent a showing of prejudice from the delay.") Because of this precedent, we analyze Electrolux's undue burden claim through an undue prejudice lens.

Electrolux contends that Sears' delay will prejudice Electrolux by prohibiting Electrolux any opportunity to prepare a defense. According to Electrolux, Sears had all the information it now relies on to support its breach of contract claim as late as March 7, 2014. (*Id.*) Electrolux argues that Sears waited to bring this motion until after discovery was closed in order to restrict Electrolux's ability to properly defend the claim. (*Id.*) We disagree. Based on Sears' assertions,

4

Sears only recently learned that Electrolux does not intend to indemnify or defend Sears for liability based on *the design or manufacture* of the dryer. According to Sears' motion, the March 7 letter that Electrolux relies on in arguing undue delay did not give Sears notice of a breach. To the contrary, the March 7 letter confirmed that Electrolux *would* defend and indemnify Sears for design and manufacture based liability. (Dkt. No. 112-6.) Sears alleges that the breach occurred later, after settlement discussions and conversations between counsel as late as May 21, 2015 made it clear to Sears that Electrolux would not defend or indemnify Sears for product or manufacture based liability. (Dkt. No. 125.)

Next, we address the prejudice to Electrolux. Electrolux asserts that granting the motion "would essentially leave [Electrolux] without the ability to craft a defense." (Dkt. No. 120.) We, again, disagree. Electrolux knew of Sears' potential cross-claim for indemnification as early as April 14, 2010 when Sears sent Electrolux a demand letter seeking indemnification. Based on facts alleged in the motion, Electrolux and Sears exchanged letters from April 2014 through July 2014 discussing indemnification. Additionally, the motion alleges that Sears and Electrolux explicitly discussed Sears' possible counter-claim for breach of contract during settlement conferences and status hearings throughout 2015. Despite Electrolux's assertions, this counter-claim should come as no surprise. *Cf. In re Ameritech Corp.*, 188 F.R.D. at 283 (denying motion to add class allegations because a class action suit is complex and is substantially different from claims alleged in current complaint); *Profile Racing, Inc. v. Profile for Speed, Inc.*, No. 93 C 5174, 1995 WL 549108, at *2 (N.D. Ill. Sept. 11, 1995) (denying motion to amend to add defendant because proposed defendant's liability was "manifestly different" than theories currently being pursued in the case preventing proposed defendant from being on notice of possible claim against him).

Lastly, we find that the breach of contract claim will require minimal discovery. The breach of contract claim centers around the UTC, a written agreement. Extensive and costly discovery will not be required to fairly and fully defend the claim. *Cf. Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993) (affirming district court's denial of motion to amend complaint to include "'new complex and serious charges' which would undoubtedly require additional discovery"); *In re Ameritech Corp.*, 188 F.R.D. at 283 (denying motion to amend because addition of class allegations would cause significant costly and complex discovery).

Since there does not appear to be any undue prejudice that will result from the amendment, we grant Sears' motion to file a cross-complaint against Defendant Electrolux.

## CONCLUSION

For the reasons set forth above, we grant Sears' motion for leave to file a cross-complaint. Defendant Sears must file its cross-complaint by December 11, 2015. This case is set for status on February 11, 2016. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: November 10, 2015
       Chicago, Illinois